Barnard, P. J.
Chapter 252 of the Laws of 1884 does not authorize the construction of the road through the lands of Mrs. Byrnes. The provisions of the act plainly indicate its scope and purpose. It is called an act to provide for street surface railroads and branches. The property bounded thereon is to consent, or in case of refusal a commission is to be appointed. The local authorities having control over roads are to consent. Ho road is to be constructed where there is another street railroad without its consent. A map of the roads is not needed when the charter gives the routes of the roads. The clause in § 1 of chapter 252, Laws of 1884, making these corporations subject to the general railroad act are not designed to require a map. The purpose of a, map is wholly taken away as to street railroads. If a majority consent or a commission authorizes it no one else can object. There are liabilities of railroad corporations which would apply to both kinds of railroads, and there is no doubt do apply by force of this clause. The petitioner got a right to a route on certain streets by getting the proper consent therefor, and it had no power to change its routes so as to leave the streets and go through private lands under § 23 of the general railroad law. The power to change the route under the general railroad act has no revelancy to a street railroad, where something more is needed than the two-thirds vote of the directors. If a route may be changed from one street to a private person’s land, it may be changed from one street to another without the consent of the land on the changed route, or the consent of the local authorities. The act of 1884 does not authorize a route, in whole or in part, acquired by condemnation.
The order should, therefore, be affirmed, with costs.
Pratt, J., concurs.